STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20-CVS-15022

FILED

2021 MAR 29 P 2 37

MECKLENBURG CO., C.S.C.

BY

MANDY PIPPIN & RICHARD PIPPIN,          )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )        **AMENDED COMPLAINT**
                                        )
ABS SOUTHEAST, LLC                      )        **JURY TRIAL DEMANDED**
                                        )
                    Defendant.          )
                                        )

---

### I. INTRODUCTION

1.  Mandy Pippin ("Plaintiff" or "Mandy") and Richard Pippin ("Plaintiff" or "Ricky") (collectively with Mandy Pippin, "the Pippins" or "Plaintiffs") worked for ABS Southeast, LLC (the "Company" or "Defendant"), since the Company purchased Florida Builders Supply in 2012.

2.  In or around late 2017, Mandy began experiencing frequent and debilitating headaches and memory loss. Mandy's doctor subsequently diagnosed her with a neurological condition.

3.  Mandy's condition required periodic time off of work to deal with her symptoms. After witnessing his wife dealing with excruciating pain on multiple occasions, Richard emailed the Regional Manager, Steve Jones, for help. Richard's concerns were brushed aside.

4.  On or around August 27, 2018, Richard and Mandy requested protected leave from the Company for Mandy. Approximately two weeks later on September 18, 2019, Steve

1

**EXHIBIT**
**B**

Jones informed Richard and Mandy that the Company was firing them both. As he gathered his belongings, a coworker confided in Richard that the Company was doing this because of Mandy's request for an accommodation.

5.   Mandy and Richard now turn to this Court to be made whole for their harms and losses. Plaintiffs bring this action against the Company for violations of the Americans with Disabilities Act (Count I), violations of the Family Medical Leave Act (Count II), and wrongful discharge in violation of North Carolina public policy (Count III).

## II. PARTIES, JURISDICTION AND VENUE

6.   Plaintiffs reside in Duval County, Florida.

7.   ABS Southeast, LLC is a North Carolina limited liability company headquartered in North Carolina with its registered office located at 5902 Fayetteville Road, Raleigh, North Carolina 27603.

8.   Venue is proper in Mecklenburg County Superior Court pursuant to N.C. Gen. Stat. § 1-79(a)(1)-(2) and N.C. Gen. Stat. § 1-82.

9.   Plaintiff seeks damages in excess of the sum sufficient for subject matter jurisdiction to be properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243.

## III. FACTUAL STATEMENT

10.  Ricky began his time with the Company's predecessor in 2000, and was joined by his wife, Mandy Pippin, in 2005. The pair loved their jobs and worked diligently for the company for close to fifteen years.

2

11. In October 2016, the Company asked Ricky and Mandy to move from Jacksonville, Florida to help start a new branch in Charlotte, North Carolina. The pair eagerly accepted and began working in Charlotte on or around February 1, 2017.

12. Things were going well until in or around November 2017. Mandy began to suffer severe migraines and unexplained memory loss. Frightened by this sudden onset of symptoms, Mandy informed the Company of her condition and was granted leave for two weeks.

13. In or around March 2018, Mandy brought up her taking disability leave in a managers meeting, as she still suffered from migraines and memory loss. Her daughter was slated to have major hip surgery in the months following as well. Mandy wanted to make sure her job would be protected. Her managers told her not to worry about it.

14. In June 2018, Mandy received a demotion to a sales position and began reporting to Kevin Daughtery. Mandy informed Daughtery of her condition, and requested disability leave from him.

15. In or around late July 2018, Ricky emailed his Regional Manager, Steve Jones, to inform him of Mandy's situation. Jones's response amounted to him saying that it wasn't his problem.

16. On or around August 27, 2018, Mandy's migraines began to increase in frequency and in pain. Mandy reached out to Daughtery to formally request disability leave in order to get a handle on her migraines and in anticipation of future doctor's appointments.

17. Just a few weeks later, on or about September 18, 2018, Jones announced to Ricky that the entire branch would be closing down, removing seemingly everyone from their jobs.

3

18. As Ricky walked to gather his belongings, he ran into a coworker, Chad Davis. Davis informed Ricky that Jones had spoken to him and a number of other employees and that Jones had confessed that the only reason the branch was shutting down was because of Mandy taking disability leave. Jones was retaliating against everyone for their association with Mandy.

19. On September 21, 2018, the branch "closed," effectively terminating Ricky and Mandy.

20. On March 12, 2019, Mandy and Ricky filed charges of discrimination with the Equal Employment Opportunity Commission.

21. On August 7, 2020, Ricky received his dismissal and notice of right to sue from the EEOC.

22. On November 5, 2020, Ricky initiated this action by filing an Application and Order Extending Time to File Complaint, which stated that his Complaint must be filed on or before November 25, 2020. Ricky filed his complaint on November 25, 2020.

23. On January 28, 2021, the Equal Employment Opportunity Commission issued Mandy her dismissal and notice of right to sue.

## IV. LEGAL CLAIMS

### Count I
### *(Violations of the Americans with Disabilities Act)*

24. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

4

25. Defendant has had more than fifteen (15) employees at all relevant times and otherwise meet all requirements to be deemed an employer under the Americans with Disabilities Act. Plaintiff was an employee of Defendant at all relevant times to this lawsuit.

26. Mandy was disabled in that she had impairments that substantially limited one or more major life activities, including but not limited to: caring for oneself, performing manual tasks, seeing, eating, sleeping, speaking, learning, reading, concentrating, thinking, communicating, and working.

27. Defendant otherwise regarded Mandy as disabled at the time of her request for medical leave, termination and in the lead up to Plaintiffs' terminations. The impairments that Defendant regarded Mandy as suffering from each lasted far longer than six (6) months.

28. Plaintiffs suffered adverse employment actions when Defendant terminated Mandy's and Richard's employment. Defendant fired Mandy on the basis of her disabilities, on the basis of the disabilities it regarded her as having, and in retaliation for her protected activity. Defendant fired Richard on the basis of his association with his wife because of his wife's real and perceived disabilities and in retaliation for their requests for reasonable accommodations (medical leave).

29. As actual, proximate, and foreseeable results of Defendant's actions, Plaintiffs have suffered lost back and front pay, lost benefits, severe emotional distress, severe physical distress, anxiety, depression, embarrassment, humiliation, physical pain and suffering, and their peace of mind has been disturbed.

30. Defendant's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiffs' rights. Defendant's officers, directors, and

managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendant's conduct, Plaintiffs are entitled to recover punitive damages.

## Count II
### (Violations of the Family Medical Leave Act)

31. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

32. Mandy required leave protected under the Family and Medical Leave Act because of her own serious health condition. Plaintiff was employed by Defendant for 12 months and worked at least 1,250 hours during the 12 months prior to the start of her requested leave. Defendant employs 50 or more employees within a 75-mile radius pursuant to 29 C.F.R. §825.111. Defendant employs these individuals through a variety of entities that amount to a a single employer for FMLA purposes.

33. Plaintiffs engaged in protected activity by requesting FMLA leave for Mandy and by otherwise alerting Defendant to their need to take time off because of Mandy's serious health condition. Defendant took an action that a reasonable employee would have found materially adverse. There exists a causal connection between Plaintiffs' protected activity and Defendant's adverse actions.

34. Defendant also unlawfully retaliated against Plaintiffs because Richard and Mandy requested leave for Mandy under the Family and Medical Leave Act. A reasonable employee would find materially adverse and would be dissuaded from requesting FMLA leave if an

employer were allowed to fire one's spouse because one requested leave or were allowed to fire the person requesting leave for so requesting leave. This is exactly what occurred here.

35. Defendant's explanations for Plaintiffs' terminations amount to pretext for unlawful discrimination, retaliation, and interference.

36. Defendant violated the FMLA when it terminated Plaintiffs' employment because of Richard's and Mandy's requests for time off for Mandy because of her serious health condition and because of her request for time off because of her serious health condition.

37. As actual, proximate, and foreseeable results of Defendant's actions, Plaintiffs have suffered lost back and front pay, lost benefits, severe emotional distress, severe physical distress, anxiety, depression, embarrassment, humiliation, physical pain and suffering, and their peace of mind has been disturbed.

38. Defendant's actions were not in good faith. Nor did Defendant have objectively reasonable grounds to believe it was not violating the FMLA. Defendant's actions were done willfully and in a manner that demonstrates a reckless disregard for Plaintiffs' rights under the FMLA. As a result of Defendant's conduct, Plaintiffs are entitled to recover liquidated damages.

39. Defendant's violation of the FMLA was willful, subjecting it to a three-year statute of limitations on this claim.

### Count III
***(Wrongful Discharge in Violation of Public Policy)***

40. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

41. Plaintiffs were an at-will employees of Defendant.

42. Defendant employed at least fifteen (15) employees at all relevant times.

43. The public policy of North Carolina, codified in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2(a), seeks to protect and safeguard the opportunity and right of all individuals to "seek, obtain, and hold employment without discrimination" on the basis of race, religion, color, national origin, age, sex or handicap.

44. North Carolina further defines "handicap" in the Persons with Disabilities Protection Act, N.C. Gen. Stat. § 168A-1 *et seq*. Mandy had an impairment that substantially limited one or more major life activities and had a record of such impairment.

45. Mandy was disabled in that she had impairments that substantially limited one or more major life activities, including but not limited to: caring for oneself, performing manual tasks, seeing, eating, sleeping, speaking, learning, reading, concentrating, thinking, communicating, and working. All such impairments lasted far longer than six (6) months.

46. Defendant otherwise regarded Mandy as disabled at the time of her, termination and in the lead up to Plaintiff's termination.

47. Defendant terminated Mandy's and Richard's employment because of Richard's association with his wife and because of Mandy's handicap, Defendant's regard for Mandy as handicapped, and because of Mandy's requests for reasonable accommodation.

48. Defendant violated the public policy of North Carolina as set forth above by terminating Plaintiffs because of Richard's association with his wife and because of Mandy's handicap.

8

49. As actual, proximate, and foreseeable results of Defendant's actions, Plaintiffs have suffered lost back and front pay, lost benefits, diminution in his earning capacity, severe emotional distress, damage to his reputation, anxiety, depression, embarrassment, humiliation, and their peace of mind has been disturbed.

50. Defendant's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiffs' rights. Defendant's officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendant's conduct, Plaintiffs are entitled to recover punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray the Court to:

1. Enter a judgment against Defendant and order the Defendant to pay Plaintiffs compensatory damages in an amount to be determined at trail;

2. Award Plaintiffs liquidated damages;

3. Award Plaintiffs punitive damages;

4. Award Plaintiffs all reasonable costs and attorney's fees incurred in connection with this action;

5. Award Plaintiffs such other and further equitable relief as the Court deems appropriate under the circumstances; and

6. Grant Plaintiffs a trial of this matter by a jury.

9

This is the 29th day of March, 2021

_____
Sean F. Herrmann
North Carolina Bar No. 44453
Kevin P. Murphy
North Carolina Bar No. 41467
Herrmann & Murphy, PLLC
1712 Euclid Avenue
Charlotte, North Carolina 28203
Phone: 704-940-6399
Fax: 704-940-6407
Email: kevin@herrmannmurphy.com
Email: sean@herrmannmurphy.com

*Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this date I served the foregoing on the Defendant by depositing a copy and/or copies of such pleading(s) or other document(s) enclosed via first class, U.S. Mail, properly addressed to to the party(ies) or person(s) listed below:

Wayne Sullivan
Registered Agent
ABS Southeast, LLC
5902 Fayetteville Road
Raleigh, NC 27603

This the 29th day of March, 2021.

Sean F. Herrmann
North Carolina Bar No. 44453
Kevin P. Murphy
North Carolina Bar No. 41467
Herrmann & Murphy, PLLC
1712 Euclid Avenue
Charlotte, North Carolina 28203
Phone: 704-940-6399
Fax: 704-940-6407
Email: sean@herrmannmurphy.com
Email: kevin@herrmannmurphy.com

*Attorneys for Plaintiff*